ONE HUNDRED TONS OF IRON (SQUIRE v.). See Case No. 13,270.

---

# Case No. 10,527.

## Ex parte O'NEIL.

## In re FOWLER.

[1 Lowell, 163;[1] 1 N. B. R. 677.]

District Court, D. Massachusetts. July, 1867.

BANKRUPTCY—PROVABLE DEBTS—JUDGMENT — IMPEACHMENT COLLATERALLY.

1. When a judgment-debt is offered for proof against the estate in bankruptcy of the debtor, whose petition was filed after the date of the judgment, it may be objected to by other creditors on the ground of fraud or irregularity, including fraudulent preference, for they are not parties nor privies to the judgment, and may impeach it collaterally.

[Cited in Partridge v. Dearborn, Case No. 10,785.]

2. But the consideration of a judgment regularly obtained in a court having jurisdiction cannot be collaterally inquired into in bankruptcy, except for fraud.

3. The costs and interest are, in such case, a part of the debt, and can be proved.

[In the matter of James L. Fowler, a bankrupt. An adjudication of bankruptcy was made in Case No. 4,998.] The register took evidence touching the right of O'Neil to prove the amount of a judgment which he had obtained against Fowler before his bankruptcy, and ruled pro forma that the question whether all just credits had been given by the creditor before obtaining his judgment could not be inquired into. He certified that question to the court, and also whether interest and costs could be proved.

A. Wellington, in opposition to the proof.

A judgment is only binding between parties and privies; it may be impeached collaterally by third persons. Denison v. Hyde, 6 Conn. 508; Shrewsbury v. Boylston, 1 Pick. 105; Downs v. Fuller, 2 Metc. 135.

R. M. Morse, Jr., for O'Neil.

This is not a case in which a court of equity would enjoin the judgment, and therefore this court will not interfere. Ex parte Mudie, 3 Mont. D. & D. 66.

LOWELL, District Judge. Creditors, whose interests are affected by a judgment against their debtor, may avoid it collaterally, because they have no right to have it reviewed directly. Pierce v. Jackson, 6 Mass. 244; Downs v. Fuller, 2 Metc. 135. In bankruptcy the creditors are interested in contesting a judgment which is offered for proof in competition with their own debts; and I have no doubt they may show, by any appropriate evidence, that the judgment is void or voidable for fraud or irregularity. A debtor might suffer judgment against him for the very purpose of affecting the proceedings in bankruptcy; or a judgment may be-

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

obtained for a just debt, but under circumstances which would make it a fraudulent preference. In all such cases it must be open to other creditors to object to the judgment when offered for proof against the assets. On the other hand, where the court rendering the judgment has jurisdiction, and there has been no fraud and no preference, no one can examine into the consideration of a judgment, and show by evidence, outside of the record, that the judgment ought not to have been rendered, or not for so large a sum. While the debtor is not a bankrupt nor acting in contemplation of bankruptcy he binds all the world by his acts and omissions in relation to his own affairs; and if he does not choose to defend an action to which he has a legal defence, and of which he has had full notice, his estate will be committed by his act or neglect, just as it would be by any improvident bargain he might make, or by any new promise to pay a debt barred by the lapse of time or a former discharge in bankruptcy.

When, therefore, the judgment is either void or voidable as of right by the debtor or by creditors, it may be examined into here if offered for proof; where it is valid as against the debtor, and no fraud on creditors is shown, it is valid here. If there be an intermediate case, in which it would be discretionary with the court which rendered the judgment to vacate it upon the ground of mistake, I should probably leave the assignee to pursue that remedy, postponing the proof in the mean time.

It was said in argument that the English practice goes farther than this, and permits the creditors to inquire into the consideration of all judgments. Some statements as broad as that may perhaps be found in the text-books; but I suppose the English practice, whatever it may be, is founded on the consideration that courts of equity may in many cases re-examine judgments at law, and grant new trials or restrain executions. See Ex parte Bryant, 1 Ves. & B. 211; Ex parte Marson, 2 Deac. 245; Ex parte Prescott, 1 Mont. D. & D. 199. If this is the reason of the practice, it should not extend beyond the limits that I have laid down; for a court of equity would certainly not stay an execution where the party had had ample opportunity of defence, and there was no fraud.

There being in this case no offer to prove fraud or irregularity, but only an excessive assessment of damages, I must reject the evidence, and admit the proof for the full amount of the judgment.

The costs are part of the debt and can be proved, judgment having been recovered before the bankruptcy; and so can the interest, which, by a statute of Massachusetts, all judgments bear. Debt admitted to proof.

[NOTE. The case was subsequently heard upon the question of the proper stage in the proceedings at which a creditor might oppose the granting of a discharge to the bankrupt. Case No. 4,999.]